UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12231-RGS

EUSEBIO ALICEA

v.

KYLE WILCOX, ET AL.

<u>MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS</u>

May 10, 2010

STEARNS, D.J.

Plaintiff Eusebio Alicea's response fails to address the thrust of the motion to dismiss brought by defendants DeSantis, Griffin, Sapienza, and Wood. Defendants are not contending that Alicea's lawsuit should be dismissed in its entirety, but only as to them, as the Complaint pleads no facts suggesting potential liability on their part.[1] Only two of the moving defendants are even mentioned in connection with any event alleged in the Complaint (DeSantis and Griffin are said to have been the officers who booked plaintiff after his arrest). If plaintiff's theory is that one or more of the four defendants failed to intervene to protect him, the Complaint fails to plead an essential element of that claim, namely, "a realistic opportunity to intercede." See <u>Davis v. Rennie</u>, 264 F.3d 86, 98 n.10 (1st Cir. 2001). As framed, the Complaint fails to satisfy even the very forgiving <u>Gibson</u> notice pleading standard, which has since been superseded.

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to

---

[1] Defendants conceded that the Complaint pleads sufficient facts against defendant Wilcox.

relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 555 (internal citations omitted). <u>See</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

No plausible entitlement to relief is pled here, only the vaguest of speculative conjectures, unanchored surmises, and gossamer appeals to unsupported inferences.

### ORDER

For the foregoing reasons, the motion to dismiss as to defendants DeSantis, Griffin, Sapienza, and Wood is <u>ALLOWED</u>.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] The dismissal will be entered without prejudice should discovery reveal a plausible (and timely) factual basis for an amendment to the Complaint.