UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-12231-RGS

EUSEBIO ALICEA

v.

KYLE R. WILCOX,
JOHN J. ROMERO,
CHIEF OF POLICE
MICHAEL SULLIVAN, MAYOR
CITY OF LAWRENCE

MEMORANDUM AND ORDER ON
MOTION TO PRESENT
A UNIFIED NON-BIFURCATED TRIAL

April 11, 2011

STEARNS, D.J.

Contrary to plaintiff's assertion, the City of Lawrence has agreed to indemnify defendant Wilcox to the extent provided by Mass. Gen. Laws ch. 258, § 9, which permits indemnification of up to $1,000,000 for claims arising from intentional torts and civil rights violations arising out of acts committed by public employees in the scope of their official duties, so long as the employee was not acting in "a grossly negligent, willful or malicious manner."

The balance of the motion appears to conflate the issue of bifurcation of municipal liability with that of the admissibility of propensity evidence under Fed. R.

Evid. 404(b). The latter issue is one to be decided by way of motions in limine or rulings at trial.

This is not a case where an exception to the *Heller* rule might apply. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (verdict in favor of defendant officer on plaintiff's excessive force claim precluded liability on the part of his supervisors and employer). *Compare Fagan v. City of Vineland*, 22 F.3d 1283, 1292 (3d Cir. 1994) (*Heller* does not apply to a substantive due process claim, otherwise "[a] municipality would escape liability whenever the conduct of the acting police officer did not meet the 'shocks the conscience' standard, even though municipal policymakers, acting with deliberate indifference or even malice, implemented a policy which dictated his injury-causing actions."). *But see Evans v. Avery*, 100 F.3d 1033, 1039-1040 (1st Cir. 1996) (applying *Heller* to municipal liability generally and criticizing the *Fagan* holding).[1]

Finally, to the extent plaintiff Alicea has reason to pursue claims against the City of Lawrence (should he prevail on the claims against Wilcox), these are not

---

[1] Nor is this a case where the municipality may be liable for a constitutional deprivation because the officer responsible has prevailed on a claim of "good faith" immunity. *See, e.g., Doe v. Sullivan Cnty.*, 956 F.2d 545, 554 (6th Cir. 1992). *Cf. Walker v. Waltham Hous. Auth.*, 44 F.3d 1042, 1047 (1st Cir. 1995) (the exception applies only in "rare cases"). There is no plausible "good faith" defense to the allegations of excessive force set out in Alicea's Complaint.

compromised – indeed they are facilitated – by trying the case involving Wilcox first.

ORDER

For the foregoing reason, the Motion to Present a Unified Non-Bifurcated Trial is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE