UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-12231-RGS

EUSEBIO ALICEA

v.

KYLE R. WILCOX;
JOHN J. ROMERO, CHIEF OF POLICE;
MICHAEL SULLIVAN, MAYOR;
CITY OF LAWRENCE

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS

April 28, 2011

STEARNS, D.J.

Although filed on the eve of trial, the court will consider the motions to dismiss filed by Chief John Romero and former Mayor Michael Sullivan. As plaintiff acknowledges, by reason of a calendering oversight, the filing of the motions is not precluded by the court's scheduling order. The standard applied by a federal district court in reviewing a motion to dismiss since the overruling of *Conley v. Gibson*, 355 U.S. 41 (1957), has by now become mundane. A complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 555 (internal citations omitted). *See also Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (dismissal for failure to state a claim is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.") (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). The instant Complaint is not a surgical instrument by any means, but it does make clear that Chief Romero and Mayor Sullivan are named as defendants individually on a theory of supervisory liability.

A supervisory official cannot be held vicariously liable under section 1983 on a theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694 n.58 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1934, 1948 (2009). A supervisor, in other words, can be held liable "only on the basis of her own acts or omissions." *Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989).

"The case law speaks of the necessity of showing an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit

authorization." *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999). Thus, a supervisor who implements an unconstitutional policy, or who engages in a custom or practice that causes a constitutional injury, or who displays a reckless or callous indifference to repeated acts of constitutional misconduct on the part of his subordinates, is subject to liability under section 1983. *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581-582 (1st Cir. 1994). "[E]ven if a supervisor lacks actual knowledge of censurable conduct, he may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it." *Id.* at 582. "To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." *Camilo-Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998). *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1193 (3d Cir. 1995) (supervising officer knew of and acquiesced in the use of excessive force by officers executing a search warrant); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985) (chief habitually failed to discipline officers who improperly resorted to deadly force); *Dobos v. Driscoll*, 404 Mass. 634, 648-650 (1989) (supervisors knew or should have known of a state trooper's violent propensities).

"[D]eliberate indifference alone does not equate with supervisory liability; a

suitor also must show causation." *Camilo-Robles*, 151 F.3d at 7.  A plaintiff can establish the necessary causal link "if there exists a known history of widespread abuse sufficient to alert a supervisor to ongoing violations." *Maldonado-Denis*, 23 F.3d at 582. *See Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 49 (1st Cir. 1999) (rogue officer had been disciplined thirty times for abusive conduct and had six times been recommended for dismissal from the force). As is the case with municipal liability in general, without a showing of an underlying constitutional violation there can be no assignment of liability. *Nieves v. McSweeney*, 241 F.3d 46, 50 (1st Cir. 2001).

A perusal of the Complaint with respect to Chief Romero discloses factual allegations sufficient to survive the motion to dismiss. According to the Complaint: (1) Officer Wilcox had been convicted of the criminal assault and battery of two other detainees three weeks prior to the alleged assault on plaintiff Alicea; (2) Chief Romero was aware of the fact that Wilcox was the subject of numerous civilian complaints and lawsuits alleging the excessive use of force, including four of recent vintage filed in the United States District Court; (3) the Department's Use of Force Policy vested responsibility in Chief Romero to oversee its implementation and enforcement; and (4) despite that responsibility Chief Romero neither enforced the Policy nor investigated allegations of violations by the officers under his command, including Wilcox. This is enough for pleading purposes to satisfy Fed. R. Civ. P. 8.     With respect to former

Mayor Sullivan, however, the only substantive allegation is that as chief executive officer under the City Charter, Mayor Sullivan was "responsible for the general supervision and control of [the City's] various agencies and departments" and therefore should have known of and corrected abuses of civilians by City police officers. Complaint ¶ 109. This is an allegation of vicarious liability and nothing more. It is plainly insufficient to survive scrutiny under the *Twombly-Iqbal* standard.

ORDER

For the foregoing reason, the motion to dismiss is DENIED with respect to Chief Romero. It is, however, ALLOWED with respect to Mayor Sullivan.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE