UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12231-RGS

EUSEBIO ALICEA

v.

CITY OF LAWRENCE

ORDER ON NOTICE OF COURT'S INTENT TO DISMISS
THE REMAINING CLAIM AGAINST THE CITY OF LAWRENCE

August 31, 2012

STEARNS, D.J.

This § 1983 civil rights case was brought against a number of City of Lawrence police officers, the Chief of the Lawrence Police, the Mayor of Lawrence, and the City itself, *see Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Over the course of the litigation, most of the individual defendants were dismissed and the case went to trial in May of 2011 on a claim of the excessive use of force against the plaintiff by defendant officer Kyle Wilcox.  On May 11, 20011, the jury returned a substantial verdict for plaintiff, $15,000 on each of the reciprocal federal and state civil rights claims, and a $100,000 award of punitive damages. On May 18, 2011, judgment entered for plaintiff Eusebio Alicea and Wilcox filed a notice of appeal (which was later withdrawn).

Recognizing the difficulty plaintiff might encounter in enforcing the judgment, the court, following its usual practice, *see Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002), bifurcated the *Monnell* claim against the City of Lawrence and stayed the case in this session while several other cases involving similar allegations against officer Wilcox were resolved.  To the court's knowledge, Wilcox has been terminated by the City of Lawrence and the various cases in which he was a defendant are now completed.  As the court sees no legal theory that would attach liability in this case to the City of Lawrence over and above the award already returned, *cf. Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam), it is the court's intention, unless plaintiff can show cause otherwise, to now lift the stay and close the case.[1]

ORDER

For the foregoing reasons, plaintiff will have fourteen (14) days from the date of this Order to show cause why the stay should not be lifted and the case should not be closed.

SO ORDERED.

/s/ Richard G. Stearns

---

[1] If the issue of attorney's fees and costs, which may be awarded to a prevailing plaintiff in a civil rights action pursuant to the Fees Act, 42 U.S.C. § 1988, has not been resolved with the City of Lawrence as part of a global settlement, plaintiff will have fourteen (14) days from the date of this Order to file an appropriate petition.

_____
UNITED STATES DISTRICT JUDGE